The Honorable Mary Alice Theiler

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GARY STENSLAND,<br><br>Defendant. | NO. MJ20-505<br><br>COMPLAINT FOR VIOLATION(S)<br><br>18 U.S.C. § 2423(a) |

BEFORE, the Honorable Mary Alice Theiler, United States Magistrate Judge, U. S. Courthouse, Seattle, Washington.

## COUNT 1

**(Transportation of a Minor with Intent to Engage in Prostitution or Criminal Sexual Activity)**

In or about September 2018, in King County, within the Western District of Washington, and elsewhere, GARY STENSLAND knowingly transported MV1, an individual who had not attained the age of eighteen years, in interstate and foreign commerce with intent that MV1 engage in prostitution and sexual activity for which any person can be charged with a criminal offense—to include, Rape of a Child in the Second Degree in violation of RCW 9A.44.076—and attempted to do so.

All in violation of Title 18, United States Code, Section 2423(a).

COMPLAINT/*United States v. Stensland* - 1
MJ20-505

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

And the complainant states that this Complaint is based on the following information:

I, Special Agent Kevin Tilley, being duly sworn under oath, depose and say:

## INTRODUCTION

1. I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI), assigned to the Seattle, Washington, field office. I have been employed as an FBI Special Agent since November 2018. Prior to joining the FBI, I worked for the Arizona Department of Public Safety, as a State Trooper, for approximately three and a half years. As part of my daily duties as an FBI agent, I investigate criminal violations relating to child exploitation and child pornography including violations of Title 18, United States Code §§ 2251(a), 2252A, 2422, and 2423. I specialize in the investigation of child pornography, including the transmission, possession and production of child pornography, exploitation of children on the internet, and other federal criminal activity

2. I graduated from the FBI academy in November 2018 and received basic, and on-the-job training in the investigation of cases involving the sexual exploitation of children. My training included courses in law enforcement techniques, federal criminal statutes, conducting criminal investigations, and the execution of search warrants. I have observed and reviewed examples of child pornography (as defined in 18 U.S.C. § 2256(8). I am an affiliate member of the Seattle Internet Crimes Against Children (ICAC) Task Force in the Western District of Washington, and work with other federal, state, and local law enforcement personnel in the investigation and prosecution of crimes involving the sexual exploitation of children. I also attended the Internet Crimes Against Children Conference in Atlanta, Georgia, in June2019 and in Redmond, Washington, in October 2019, where I received training relating to child exploitation and the use of the Cellebrite forensic tool.

3. I am familiar with and have participated in a variety of investigative techniques including but not limited to: surveillance, interviewing of witnesses/suspects, and the execution of search and seizure warrants that involved child exploitation and/or

COMPLAINT/*United States v. Stensland* - 2
MJ20-505

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  child pornography offenses, and the search and seizure of computers and other digital
2  devices.
3       4.      The facts set forth in this Complaint are based on my own personal
4  knowledge; knowledge obtained from other individuals during my participation in this
5  investigation, including other law enforcement officers; review of documents and records
6  related to this investigation; communications with others who have personal knowledge
7  of the events and circumstances described herein; and information gained through my
8  training and experience. I have not set forth each and every fact known to me as a result
9  of this investigation but only those facts I believe necessary to establish probable cause to
10 conclude that STENSLAND committed the offense charged in this Complaint.
11      5.      As further detailed below, based on my investigation and the investigation
12 of other law enforcement officers, I submit there is probable cause to believe that
13 STENSLAND transported a minor across state lines with intent to engage in prostitution
14 or criminal sexual activity with that minor. .
15      6.      This Complaint is being presented electronically pursuant to Local
16 Criminal Rule CrR 41(d)(3).

## SUMMARY OF THE INVESTIGATION

17
18      7.      This investigation arose from a report of the sexual exploitation of a minor
19 male, MV1, who was thirteen at the time of the exploitation. According to MV1, he met
20 GARY STENSLAND on Grindr in 2018. In September 2018, STENSLAND traveled
21 from Seattle to Portland, picked up MV1, and took him back to his home in Seattle,
22 where STENSLAND had anal sex with MV1. MV1 also said that STANSLAND paid
23 MV1 $150 and then took him back to Portland.
24      8.      As part of this investigation, law enforcement obtained two different
25 cellular telephones used by MV1 to communicate with STENSLAND. These
26 communications included multiple phone calls and text messages between MV1's phone
27 and a phone number that I was able to identify as STENSLAND's. One of the phones
28 also contained a Grinder conversation between MV1 and STENSLAND.

COMPLAINT/*United States v. Stensland* - 3
MJ20-505

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

9. On August 5, 2020, I served search warrants for STENSLAND's home, car, and person. Upon entering STENSLAND's home, I encountered STENSLAND. I asked him if he would speak with me, and he agreed.

10. During a recorded interview, I first advised STENSLAND of his constitutional rights, and he acknowledged he understood them. Among other things, STENSLAND provided the following information:

- Around two years ago, STENSLAND traveled to Portland and transported MV1 from Portland to his home in Seattle for the purpose of having sex.
- STENSLAND said he tried to have anal sex with MV1 but was not able to do so.
- STENSLAND paid MV1 $150 and transported him back to Portland.
- He was aware that MV1 was a minor at the time he transported him to and from Seattle.
- In addition to MV1, STENSLAND has met at least two other minors no older than fifteen online and engaged in sexual activity with them.
- He is currently in contact with one of those minors and has met him for sex on multiple occasions, including within the last two weeks.
- STENSLAND admitted that he is sexually attracted to "younger males" and has been since the age of eighteen.
- STENSLAND confirmed a search of his digital media would reveal that he possessed visual depictions of minors engaged in sexually explicit conduct.

11. In September 2018, MV1 was thirteen years old, and STENSLAND was over the age of thirty. He was not then (and is not currently) married to MV1. It would be a violation of RCW 9A.44.076 (Rape of a Child in the Second Degree) for STENSLAND to have sexual intercourse with MV1.

COMPLAINT/*United States v. Stensland* - 4
MJ20-505

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## CONCLUSION

12. Based on the above facts, I respectfully submit that there is probable cause to believe that GARY STENSLAND did transported a minor across state lines with intent to engage in prostitution or criminal sexual activity in violation of 18 U.S.C. § 2423(a)..

Kevin Tilley, Affiant
Special Agent, FBI

The above-named agent provided a sworn statement attesting to the truth of the foregoing Complaint and Affidavit to me, and the Court hereby finds that there is probable cause to believe the Defendant committed the offense set forth in the Complaint.

Dated this 5th day of August, 2020.

MARY ALICE THEILER
United States Magistrate Judge

COMPLAINT/*United States v. Stensland* - 5
MJ20-505

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970